IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JEFFREY GRAY et al.,                    *

    Plaintiffs,                          *

        v.                                *       CIVIL NO.: WDQ-08-1380

FREDERICK COUNTY, MD, et al.,            *

    Defendants.                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ORDER

Jeffrey Gray and Tanya Thomas (collectively "the plaintiffs"), as representatives of the estate of Jarrell Gray, sued Frederick County law enforcement officials and others (collectively "the defendants") for wrongfully causing Jarrell Gray's death by tasering him.

On December 30, 2011, the defendants moved for leave to amend the jointly proposed pre-trial order to include four witnesses inadvertently omitted from the defendants' witness list. ECF No. 90 at 1. The defendants contend that they disclosed the fact witnesses and their statements to the plaintiffs during discovery. Id. On Tuesday, January 10, 2012, the Court instructed the parties to respond to the pending motions in limine, or the motions would be granted as unopposed. On January 12, 2012, the plaintiffs opposed the motion. ECF No. 94.

Under Fed. R. Civ. P. 16(e), the Court may modify the final pre-trial order after the final pre-trial conference "only to prevent manifest injustice." The defendants contend that all four of the omitted witnesses witnessed the tasering and "had personal knowledge of facts relevant to the disputed fact issues in this case." ECF No. 90 Attach. 1 at 4. On September 24, 2008, in his answers to the plaintiffs' interrogatories, Deputy Torres, who administered the taser to Jarrell Gray, identified the four fact witnesses. ECF No. 90 Attach. 2 at 8-9. Based on the pre-trial order and proposed modified pre-trial order, the four witnesses are the only civilian eyewitnesses that the defendants intend to call. See ECF No. 81 at 13-14; ECF No. 90 Attach. 7 at 13-14. Accordingly, they may play a critical role in the defendants' case, and excluding their testimony would be unjust.

The plaintiffs contend that they will suffer prejudice if the witnesses are allowed to testify because they will not have the opportunity to depose or otherwise investigate the witnesses before trial,[1] and they would need to "revise significant aspects of their trial strategy." ECF No. 94 at 5.

The evidence at trial will likely be incomplete without the four additional fact witnesses. To prevent manifest injustice,

---

[1] The plaintiffs also contend that the defendants' suggestion that the witnesses observed the incident is false. ECF No. 94 at 3.

the Court will grant the motion to amend the pre-trial order. The plaintiffs will have the weekend to depose the witnesses and amend their trial strategy.

The Court will deny the plaintiffs' motion for protective order because William Smith will be added to the pre-trial order.

Accordingly, it is, this 13th day of January, 2012, ORDERED that:

1. The defendants' motion for leave to amend the pre-trial order, (ECF No. 90), BE, and HEREBY IS, GRANTED;

2. The plaintiffs' motion for protective order, (ECF No. 95), BE, and HEREBY IS, DENIED; and

3. The Clerk shall send copies of this Memorandum Opinion and Order to the parties.

_____
William D. Quarles, Jr.
United States District Judge