IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JEFFREY GRAY et al.,

    Plaintiffs,

        v.                                 CIVIL NO.: WDQ-08-1380

FREDERICK COUNTY, MD, et al.,

    Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Jeffrey Gray and Tanya Thomas (collectively "the plaintiffs"), individually and as representatives of the estate of Jarrel Gray, sued former Frederick County Deputy Sheriff Rudy Torres and others for wrongfully causing Jarrel Gray's death by tasering him.  Trial on the claims against Torres began on January 17, 2012.  For the following reasons, the Court excluded propensity evidence of Jarrel Gray's past acts, permitted the use of deposition testimony of an unavailable witness, permitted evidence to rebut an implied charge of recent fabrication, and determined that the jury would decide whether the defendant was entitled to qualified immunity.

I.    Evidentiary Rulings

    A.    Evidence of Jarrel Gray's Prior Bad Acts

On January 15, 2012, the plaintiffs moved to exclude evidence of Jarrel Gray's contacts with "officers other than

defendant Torres." ECF No. 102 at 1. On January 16, 2012, the defendant responded. ECF No. 103. On January 17, 2012, the plaintiffs replied. ECF No. 104.

The defendant sought to introduce three interactions between Jarrel Gray and law enforcement officers:

First, the defendant wanted to introduce evidence that on January 26, 2007, Gray pled guilty to resisting arrest and was placed on two years probation, and was on probation when he died. ECF No. 103 at 2. The defendant contended that the evidence was proper impeachment evidence under Fed. R. Evid. 609, would "inform the jury concerning the likelihood that . . . he resisted commands to get down and show his hands on November 18, 2007," and his probationary status "is relevant to [some unspecified] state of [Gray's] mind," which is "highly relevant." *Id.* at 3. Rule 609 did not apply because Gray did not testify. The likelihood of resistance argument was barred by Rule 404(b) because it was a propensity argument. As the issue was whether Deputy Torres's use of force was reasonable under the circumstances and there was no evidence that Deputy Torres was aware of Gray's state of mind, the defendant did not prove that Gray's thoughts were relevant.

Next, on February 6, 2007, Gray was "verbally and physically resist[ant]" toward another County Deputy. ECF No. 103 at 3. That deputy ordered Gray to show his hands, or he

2

would taser him. *Id.* at 4. Eventually, Gray complied. *Id.* The defendant sought to introduce evidence of the encounter to counter an expected argument that Gray could not hear Deputy Torres's commands. *Id.* The plaintiffs did not raise Gray's ability to hear and understand instructions; accordingly, the evidence was excluded as irrelevant.

Finally, the defendant sought to introduce evidence that, two hours before Torres tased Gray, City of Frederick officers saw a man they later realized was Gray fighting a friend and aggressively screaming at and threatening to fight the officers. *Id.* at 5. He contended that the encounter was "relevant to [Gray's] state of mind" because it showed that he was "predisposed to resist, both verbally and physically, police commands" that night. *Id.* at 5-6. The evidence was excluded under Rule 404(b) as propensity evidence.

B.   Deposition Testimony

On January 17, 2012, the plaintiffs read from Jeremy Duvall's deposition because he was in jail and beyond the Court's subpoena power. The defendant objected because the deposition was not intended as trial testimony, and the plaintiffs had sufficient time to request the Court to bring Duvall to court, or to schedule a *de bene esse* deposition.

Under Fed. R. Civ. P. 32(a), a deposition may be used at trial if: (1) the opposing party was represented at the

3

deposition, (2) it is used in a way that would be admissible if the deponent were testifying in person, and (3) the witness is unavailable. A witness is unavailable if the Court finds that he cannot testify because of imprisonment. Fed. R. Civ. P. 32(a)(4)(C). The Court found that Duvall could not testify because of imprisonment. Accordingly, it permitted the use of Duvall's deposition.

    C.    Rehabilitative Evidence

Pursuant to Fed. R. Evid. 801(d)(1)(B), the Court admitted statements Torres made on November 21 and December 11, 2007, to rebut an implied charge of recent fabrication. The plaintiffs questioned Torres's failure to mention in his use of force report that Jarrel Gray "verbally defied" his orders to show his hands and get onto the ground and was actively fighting and yelling when Torres approached him, or that he posed a threat to Torres. The plaintiffs asked Torres if he had been told not to "tell the whole truth" in the use of force report, and whether he believed he was supposed to save some information until he spoke "to a union rep or a lawyer." They questioned whether "somebody ha[d] to help [him] tell the truth."

Under Fed. R. Evid. 801(d)(1)(B), a prior statement is not hearsay if (1) the declarant is subject to cross-examination about the statement, (2) it is consistent with the declarant's testimony, and (3) it is offered to rebut an express or implied

charge that the declarant recently fabricated it. The plaintiffs cross-examined Torres about the prior statements, asking him about the investigative interview. The statements that came into evidence are consistent with Torres's testimony that Jarrel Gray was physically and verbally defiant, and were offered to rebut the plaintiffs' implied charge that Torres fabricated his description of the circumstances because he testified about circumstances not described in his use of force report.

    D.   Qualified Immunity

The plaintiffs contended that an officer's entitlement to qualified immunity is a legal question, and the jury should not be permitted to decide it. Although recent authority indicates that one prong of the qualified immunity analysis is "purely legal,"[1] the other prong, a factual inquiry, remains in the jury's province. *See Merchant v. Fairfax Cnty., Va.*, 778 F. Supp. 2d 636, 649 n.14 (E.D. Va. 2011) ("Because the disputed facts, if resolved in favor of Officer Bauer, might lead a reasonable jury to conclude that he is entitled to qualified immunity, the qualified immunity defense remains available to Officer Bauer at trial."). The plaintiffs identified, and the

---

[1] *Henry v. Purnell*, 619 F.3d 323, 336 n.12 (4th Cir. 2010) *withdrawn on other grounds*, 652 F.3d 524, *cert. denied*, No. 11-0458, 2011 WL 4853873 (U.S. Nov. 28, 2011).

Court found, no authority suggesting that it should not allow the jury to make that legal determination.

E.   Fourth Circuit Decision

The parties disagreed whether the defendant waived his qualified immunity defense when the Fourth Circuit heard an appeal of this Court's July 17, 2009 denial of the defendant's motion for Summary Judgment. Torres did "not challenge the District Court's denial of qualified immunity with respect to the excessive force prong of Appellees' federal claim." ECF No. 81 Attach. 1 at 2 ["App. Op."]. Torres did not waive his qualified immunity defense to the excessive force claim because the Court determined only that there was a dispute whether Gray's constitutional rights were violated, not that he lacked immunity as a matter of law. See ECF No. 66 at 9-11.

The Fourth Circuit only considered "whether Deputy Torres is entitled to qualified immunity on Gray's § 1983 wrongful death claim." App. Op. at 2. Gray "confirmed in his brief and during oral argument [that] he did not plead a § 1983 wrongful death claim, and thus such a claim is not at issue in this case." Id. Accordingly, Torres "waived" his qualified immunity defense--if at all--only with respect to the nonexistent § 1983 wrongful death claim, not the excessive force claim.

## II. Conclusion

For the reasons stated above, the Court excluded propensity evidence of the decedent's prior acts, permitted the use of deposition testimony of an unavailable witness, permitted evidence to rebut an implied charge of recent fabrication, and determined that the jury could decide whether the defendant was entitled to qualified immunity.

_____1/24/12_____      _____/s/_____
Date                                       William D. Quarles, Jr.
                                           United States District Judge